# Exhibit 5

| | |
|---|---|
| **From:** | Hancock, Kevin P. (CIV) |
| **To:** | Ellis, Rebecca C.; O"Grady, Margaret; Connor, Eileen; Merrill, Toby; Joseph Jaramillo; Claire Torchiana |
| **Cc:** | Merritt, Robert C. (CIV) |
| **Subject:** | RE: Sweet - motion to quash DeVos subpoena |
| **Date:** | Monday, February 8, 2021 8:36:17 PM |
| **Attachments:** | image001.png |

Rebecca,

We continue to disagree that there are circumstances warranting transfer here, exceptional or otherwise, and we do not consent to transfer.

Best,
Kevin

**Signature**



**From:** Ellis, Rebecca C. <rellis@law.harvard.edu>
**Sent:** Friday, February 5, 2021 8:11 PM
**To:** Hancock, Kevin P. (CIV) <Kevin.P.Hancock@usdoj.gov>; O'Grady, Margaret <mogrady@law.harvard.edu>; Connor, Eileen <econnor@law.harvard.edu>; Merrill, Toby <tomerrill@law.harvard.edu>; Joseph Jaramillo <jjaramillo@heraca.org>; Claire Torchiana <ctorchiana@heraca.org>
**Cc:** Merritt, Robert C. (CIV) <Robert.C.Merritt@usdoj.gov>
**Subject:** RE: Sweet - motion to quash DeVos subpoena

Kevin,

Rule 45(f) provides that the court where compliance is required "may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents **or** if the court finds exceptional circumstances" (emphasis added). The former Secretary's consent is a separate question from, and does not require a finding of, exceptional circumstances. Should I take from your response below that you will not consent to transfer regardless?

In any event, we do believe there are circumstances to warrant transfer here. As the 2013 committee notes to Rule 45(f) explain, transferring the motion to quash to N.D. Cal. "will avoid disrupting the issuing court's management of the underlying litigation," and those interests "outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion" where, as here, the deposition (and likely any argument on the motion to quash) will be conducted remotely, and after the last 11 months, all parties are certainly well acquainted with the "telecommunications methods to minimize the burden a transfer imposes."

Thanks,
Rebecca

**From:** Hancock, Kevin P. (CIV) [mailto:Kevin.P.Hancock@usdoj.gov]
**Sent:** Friday, February 5, 2021 5:30 PM
**To:** Ellis, Rebecca C. <rellis@law.harvard.edu>; O'Grady, Margaret <mogrady@law.harvard.edu>; Connor, Eileen <econnor@law.harvard.edu>; Merrill, Toby <tomerrill@law.harvard.edu>; Joseph Jaramillo <jjaramillo@heraca.org>; Claire Torchiana <ctorchiana@heraca.org>
**Cc:** Merritt, Robert C. (CIV) <Robert.C.Merritt@usdoj.gov>
**Subject:** RE: Sweet - motion to quash DeVos subpoena

Rebecca,

Thank you for letting us know your positions. Regarding transfer, Rule 45(d)(3)(A) requires a motion to quash a subpoena to be filed in "the court for the district where compliance is required," which here is the Southern District of Florida, where the former Secretary resides. And while Rule 45(f) allows for the possibility of transfer, it only does so if the proponent of transfer can demonstrate that "exceptional circumstances" requiring transfer exist. We disagree that exceptional circumstances exist here and so we would oppose any motion to transfer.

Best,
Kevin



**From:** Ellis, Rebecca C. <rellis@law.harvard.edu>
**Sent:** Friday, February 5, 2021 2:50 PM
**To:** Hancock, Kevin P. (CIV) <Kevin.P.Hancock@usdoj.gov>; O'Grady, Margaret <mogrady@law.harvard.edu>; Connor, Eileen <econnor@law.harvard.edu>; Merrill, Toby <tomerrill@law.harvard.edu>; Joseph Jaramillo <jjaramillo@heraca.org>; Claire Torchiana <ctorchiana@heraca.org>
**Cc:** Merritt, Robert C. (CIV) <Robert.C.Merritt@usdoj.gov>
**Subject:** RE: Sweet - motion to quash DeVos subpoena

Kevin,

Yes, we will be opposing the motion to quash. We do not oppose your motion for additional pages, and we will accept service of the motion to quash and motion for additional pages by email.

We'd also like to know whether you would consent to transferring the motion to quash, once filed, to Judge Alsup's court pursuant to F.R.C.P. 45(f). Judicial economy favors having Judge Alsup continue to manage discovery issues in this case, and because we'd expect the parties to be briefing and arguing this motion remotely in any event, we don't see any reason why the burden to litigate in the Northern District of California would be greater than in the Southern District of Florida.