**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Pierce Division**

**Case No. 2:21-mc-14073-MARTINEZ-MAYNARD**

Case Pending in the U.S. District Court for the Northern District of California:
*Sweet, et al. v. Rosenfelt, et al.*, 3:19-cv-03674-ALSUP (N.D. Cal.)

IN RE SUBPOENA SERVED ON
ELISABETH DEVOS

**MOTION TO EXTEND THE TIME TO RESPOND**
**TO EXPEDITED MOTION TO TRANSFER**

Movant Elisabeth DeVos ("Movant"), in her personal capacity,[1] respectfully requests that the Court extend the time to respond to the Expedited Motion to Transfer, Doc. 12, to 10 a.m. on Monday, February 22, 2021. In support of this motion, Movant states as follows:

1. Movant is a private citizen and the former U.S. Secretary of Education. Respondents are plaintiffs in litigation against the U.S. Department of Education (the "*Sweet* Plaintiffs"). The *Sweet* Plaintiffs served a third-party deposition subpoena on Movant pursuant to Rule 45 of the Federal Rules of Civil Procedure. *See* Doc. 1-1. Movant indicated that she would seek to quash the subpoena, and the *Sweet* Plaintiffs agreed to stay the compliance date of the subpoena pending a final order on such a motion. Doc. 1 at 10 n.7. Movant filed the Motion to

---

[1] Movant is represented in her personal capacity by undersigned private counsel.

Quash on February 8, 2021.  Doc. 1.  Under this Court's rules, the *Sweet* Plaintiffs' response to the Motion to Quash is due on or before February 22, 2021.  *See* Local Rule 7.1(c)(1).

2.In lieu of filing a response to the Motion to Quash, the *Sweet* Plaintiffs instead filed an Expedited Motion to Transfer, which dealt, in great detail, with the substance of the Motion to Quash.  *See* Doc. 12.

3.On Wednesday, February 17, 2021, this Court entered an Order requiring Movant to respond to the Motion to Transfer by Friday, February 19, 2021.

4.Movant's counsel has been working diligently to prepare a response to the Motion to Transfer, which asks the Court to find that this matter presents "extraordinary circumstances" warranting a transfer and presents four different arguments in support of that request.  Nonetheless, undersigned counsel is this week also in the midst of litigating one other emergency motion and preparing one other potential emergency motion.  The extra time requested—two weekend days— will permit Movant's counsel to prepare and file an appropriate response to the important questions raised by the Motion to Transfer, which seeks to obviate the protections afforded a non-party under Rule 45.

5.Rule 45 specifically states that a party issuing a third-party subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and that the "court for the district where compliance is required must enforce this duty."  Fed. R. Civ. P. 45(d)(1).  Here, affording Movant's counsel adequate time to prepare a response to the Motion to Transfer would be in furtherance of that requirement.

6.	A 10 a.m. deadline on Monday, February 22, 2021, still provides the opportunity to decide the Motion to Transfer in advance of the standard timeframes established by the Local Rules, with Movant's response time truncated by nearly four days.  *See* Local Rule 7.1(c)(1).[2]

## CONCLUSION

For the foregoing reasons, Movant DeVos, in her private capacity, respectfully requests an extension of time to respond to the Motion to Transfer to 10 a.m. on Monday, February 22, 2021.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(B), I certify that counsel for Movant, in her private capacity, has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised by the attached motion and have been unable to do so.

Dated: February 18, 2021						Respectfully submitted,

s/ *Jesse Panuccio*

Jesse Panuccio
Boies Schiller Flexner LLP
401 E. Las Olas Blvd.
Ste. 1200
Fort Lauderdale, FL  33301
Telephone: (954) 356-0011
Email: jpanuccio@bsfllp.com

---

[2] In an effort to accommodate the *Sweet* Plaintiffs' claimed need for expeditious resolution of this matter, and in lieu of spending the time and money required to litigate the Motion to Transfer, Movant has offered to waive, in this Court, her right to a reply in support of the Motion to Quash, but the *Sweet* Plaintiffs have rejected this offer.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 18, 2021, the foregoing motion and certificate of conference were served on all parties to this action using the CM/ECF electronic filing system.

                                                       s/ *Jesse Panuccio*
                                                       Jesse Panuccio