UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Pierce Division

Case No.: 2:21mc14073-MARTINEZ/MAYNARD

Case Pending in the U.S. District Court for the Northern District of California:
*Sweet, et al. v. Rosenfelt, et al.*, 3:19-cv-03674-ALSUP (N.D. Cal.)

|  |  |
|---|---|
| IN RE SUBPOENA SERVED ON ELISABETH DEVOS | ) ) ) ) ) ) ) ) ) ) ) ) ) |

**OPPOSITION TO RESPONDENTS' EXPEDITED
MOTION TO TRANSFER ELISABETH DEVOS'S MOTION TO
QUASH TO THE NORTHERN DISTRICT OF CALIFORNIA**

SARAH E. HARRINGTON
Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

R. CHARLIE MERRITT
KEVIN P. HANCOCK
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC  20530
Telephone: (202) 514-3183
Email: kevin.p.hancock@usdoj.gov

**TABLE OF CONTENTS**

BACKGROUND ........................................................................................................................... 2

ARGUMENT ................................................................................................................................. 5

    I.     THIS COURT IS THE PROPER VENUE FOR ADJUDICATING
          THE MOTION TO QUASH ....................................................................................... 5

    II.    RESPONDENTS HAVE NOT DEMONSTRATED THAT TRANSFER
          UNDER RULE 45(f) IS WARRANTED ................................................................. 6

          A.    Respondents Have Not Demonstrated Exceptional Circumstances ............ 7

                  1.    Respondents Have Not Shown a Disruption to the
                        *Sweet* Proceedings ............................................................................ 8

                  2.    This Court is Capable of Deciding the Discrete Apex
                        Doctrine Issue Presented in the Motion to Quash ......................... 10

          B.    Even if Exceptional Circumstances Exist, Transfer Is Inappropriate
               Because the Interest in Local Resolution Outweighs Any
               Interest in Transfer ................................................................................... 13

CONCLUSION ............................................................................................................................ 15

## TABLE OF AUTHORITIES

**Cases**

*Barroca v. Hurwitz*,
   342 F. Supp. 3d 178 (D.D.C. 2018) .................................................................................. 14

*Cadence Pharm., Inc. v. Multisorb Techs., Inc.*,
   No. 16-MC-22G, 2016 WL 4267567 (W.D.N.Y. Aug. 15, 2016) ........................................ 12

*CMB Expert, LLC v. Atteberry*,
   No. 3:14–mc–51–B–BN, 2014 WL 2197840 (N.D. Tex. May 27, 2014) ............................ 11

*FDIC v. Galan-Alvarez*,
   15-mc-752, 2015 WL 5602342 (D.D.C. Sept. 4, 2015) ............................................... 11, 12

*Garden City Employees' Ret. Sys. v. Psychiatric Sols., Inc.*,
   No. MISC.A. 13-238, 2014 WL 272088 (E.D. Pa. Jan. 24, 2014) ................................ 7, 8, 11

*Gilbert v. Rare Moon Media, LLC*,
   No. 15–MC– 217–CM, 2016 WL 141635 (D. Kan. Jan. 12, 2016) ......................................... 8

*Google, Inc. v. Digital Citizens All.*,
   No. 15-MC-707 JEB/DAR, 2015 WL 4930979 (D.D.C. July 31, 2015) .................................. 7

*Gray v. Kohl*,
   No. 07-10024-CIV, 2008 WL 1803643 (S.D. Fla. Apr. 21, 2008) .................................... 6, 13

*Hood v. City of Chicago*, 1:19-mc-00123 (APM),
   2019 WL 5295169 (D.D.C. Oct. 18, 2019) ........................................................................... 12

*In re United States (Jackson)*,
   624 F.3d 1368 (11th Cir. 2010) ............................................................................................. 6

*Inter-Am. Dev. Bank v. Venti S.A.*,
   No. 16-MC-21016, 2016 WL 5786982 (S.D. Fla. Oct. 4, 2016) .................................. 5, 8, 10

*Isola USA Corp. v. Taiwan Union Tech. Corp.*,
   No. 15-MC- 94003, 2015 WL 5934760 (D. Mass. Jun. 18, 2015) ......................................... 11

*Kyle Engineering Co. v. Kleppe*,
   600 F.2d 226 (9th Cir. 1979) ................................................................................................. 3

*Lederman v. New York City Dep't of Parks & Rec.*,
   731 F.3d 199 (2d Cir. 2013) .................................................................................................. 3

*Lima LS PLC v. Nassau Reinsurance Grp. Holdings, L.P.*,
    15 MISC. 359, 2015 WL 9450645 (S.D.N.Y. Dec. 18, 2015) ................................................... 8

*Personalized Media Commc'ns, LLC v. Top Victory Elecs. (Taiwan) Co.*,
    No. 16-MC-80122-SK, 2016 WL 8542561 (N.D. Cal. Aug. 3, 2016) .......................... 5, 7, 8, 10

*Woods ex rel. U.S. v. SouthernCare, Inc.*,
    303 F.R.D. 405 (N.D. Ala. 2014) ..................................................................................... 7, 10

**Rules**

Fed. R. Civ. P. 25 ................................................................................................................ 2

Fed. R. Civ. P. 26 ................................................................................................................ 9

Fed. R. Civ. P. 30 .............................................................................................................. 13

Fed. R. Civ. P. 45 ......................................................................................................... *passim*

**Other Authorities**

9 James Wm. Moore, et al., Moore Federal Practice § 45.50 (3d ed.) ....................................... 6, 7

9A Charles Alan Wright, et al., Federal Practice and Procedure § 2451 (3d ed. April 2016
    Update) .................................................................................................................................. 6

Coronavirus Public Emergency, Sixth Order Concerning Jury Trials and Other Proceedings,
    Administrative Order 2020-53 (S.D. Fla., filed Aug. 11, 2020)*,*
    https://web.flsd.uscourts.gov/uploads/adminOrders/2020/2020-53.pdf ................................. 14

Fed. R. Civ. P. 45(f), Advisory Committee Note (2013 Amendment) ........................... 6, 7, 10, 13

General Order No. 72-6: In re: Coronavirus Disease Public Health Emergency (N.D. Cal. Sept.
    16, 2020), https://www.cand.uscourts.gov/wp-content/uploads/generalorders GO_72-
    6_In_Re_COVID_Public_Health_Emergency_9-16-2020.pdf .............................................. 14

Movants have requested that this Court apply the Apex Doctrine to quash Respondents' attempt to depose former U.S. Secretary of Education Elisabeth DeVos, a former Presidential Cabinet official and nonparty to the underlying case.[1]  Ms. DeVos is a part-time resident of Vero Beach, Florida, and the subpoena requires compliance in this District.  This Court is therefore the proper venue for adjudicating the motion to quash under Federal Rule of Civil Procedure 45(d)(3)(A), which protects nonparties by requiring local resolution of subpoena disputes.  Retaining local resolution of this motion is consistent with the principles of the Apex Doctrine; otherwise, former Cabinet officials could be forced to seek protection from courts across the country in the voluminous litigation pending against federal agencies.

This Court should therefore reject Respondents' expedited motion to transfer the motion to quash to the Northern District of California.  Under Rule 45(f), transfer is the rare exception, not the rule, and thus must be justified by "exceptional circumstances," which Respondents have not demonstrated.  There would be no potential disruption to the underlying litigation if this Court were to exercise its authority to decide the motion to quash because the issue presented by that motion—whether the Apex Doctrine prevents the instant request for the testimony of a former cabinet official—has not been ruled upon by the Northern District of California.  On the contrary, that court has consistently not reached this issue.  Nor is this issue related to the pending motion to compel the production of documents in that court.  Unable to show that litigating the motion to quash separately will disrupt the underlying case, Respondents claim that the Northern District of California's familiarity with the underlying case justifies transfer.  But far from being an

---

[1] The former Secretary is represented in her official capacity by the U.S. Department of Justice ("DOJ") in light of DOJ's representation of the U.S. Department of Education in the underlying litigation and the government's interest in the information that former officials acquire during their time in government.  The former Secretary is represented in her personal capacity by private counsel.

"exceptional" circumstance, a court in an underlying case will always be more familiar with that case. Courts thus consistently decline to transfer subpoena disputes based on such judicial efficiency arguments, heeding the Rule 45(f) Advisory Committee's warning that "it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions."

Even if Respondents could demonstrate exceptional circumstances, they cannot make the further showing (as they must) that the interests in transfer outweigh the interest in local resolution of the motion to quash. Requiring transfer in these circumstances could require former cabinet officials to litigate objections to discovery demands in far-away jurisdictions, where they have not previously appeared personally, and to which they have no personal connection. The availability of remote technology is not exceptional or new (it long predates Rule 45(f)), and in any event, does not eliminate the risk that transfer whenever a deposition could be conducted remotely would burden all former high-level officials by requiring them to assert the Apex Doctrine in districts across the country.

For these reasons, the motion to transfer should be denied.

## BACKGROUND

Respondents, plaintiffs in the underlying class action in the Northern District of California, *Sweet v. Rosenfelt*, have asserted a single claim under the Administrative Procedure Act against two defendants: the Department of Education ("Department") and acting Secretary of Education Phil Rosenfelt, in his official capacity. *See* No. 3:19-cv-3674-WHA (N.D. Cal.). Respondents' complaint seeks an order requiring the defendants to "start granting or denying their borrower defenses." Compl. ¶ 10.[2]

---

[2] Protecting student borrowers is a critical part of the Department's mission and one the Department takes seriously, and the Department has begun a review to determine how best to meet that mandate.

Former Secretary DeVos is not a party in *Sweet* and was never a party in her individual capacity. The *Sweet* complaint names the former Secretary as a defendant only in her official capacity as Secretary of Education, a position that she no longer holds. Under Rule 25(d), Acting Secretary Phil Rosenfelt has now been replaced as a defendant in the *Sweet* litigation.

After the Department lodged a certified administrative record, the *Sweet* court issued an order on October 19, 2020, allowing Respondents to take "limited" discovery during a two-month period that concluded on December 24, 2020. Mot. to Quash Rule 45 Deposition Subpoena and Incorporated Mem. of Law ("Mot. to Quash") at 7 (Feb. 8, 2021), ECF No. 1 (citing *Sweet* ECF No. 146). That order allowed Respondents to take up to five depositions of relevant Department decisionmakers (only four of which Respondents used). *Id.* at 8-9. The discovery order also explained that if Respondents, in addition to their five depositions, wished to depose then-Secretary DeVos, they would have to satisfy the Apex Doctrine's "extraordinary circumstances" test, which applies to any attempt to depose a high-level government official:

> [A]t this time, given "[h]eads of government agencies are not normally subject to deposition," class counsel may not yet depose the Secretary. *Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). Extraordinary circumstances, however — for example, if the Secretary has unique first-hand knowledge or necessary information cannot be obtained through other, less intrusive means — may justify such a deposition at a later date. *See, e.g.*, *Lederman v. New York City Dep't of Parks & Rec.*, 731 F.3d 199, 203 (2d Cir. 2013).

*Sweet* ECF No. 146 at 16. The *Sweet* court's discovery order did not decide, or otherwise opine on, whether Respondents could make the required showing under the Apex Doctrine. *See id.* Instead, it stated that Respondents could seek such "further depositions, or expansion of discovery via letter brief, to which the Secretary will have the opportunity to respond." *Id.*

On January 7, 2021, Secretary DeVos announced her resignation as Secretary of Education. Four days later, and after declining the Department's offers to explore alternative, less-intrusive

3

means of providing them with their discovery, Respondents filed a letter brief with the *Sweet* court seeking to depose the former Secretary. Mot. to Quash at 9-10 (citing *Sweet* ECF No. 171). The Court subsequently issued a short order reminding Respondents that its discovery order applied only to "*the Secretary*" (*i.e.*, the office itself) and that "Citizen DeVos" was a non-party and so Respondents "must subpoena Ms. DeVos" under Rule 45. *Sweet* ECF No. 172.

On January 27, 2021, the Department accepted service of Respondents' subpoena on behalf of the former Secretary after Respondents agreed that the subpoena's place of compliance would be Vero Beach, Florida, where Ms. DeVos resides part time. Ex. A, Mot. to Quash, ECF No. 1-1; *see also* Expedited Mot. to Transfer Elisabeth DeVos's Mot. to Quash to the Northern District of California and Incorporated Mem. of Law ("Mot. to Transfer") (Feb. 11, 2021), Ex. 4 at 1, ECF No. 12-4. Respondents further agreed that although the deposition would be noticed to take place on February 25, 2021, that date should be stayed, if necessary, pending a final order on a motion to quash. Mot. to Quash at 10 n.7; Mot. to Transfer, Ex. 4 at 1.

On February 4, 2021, Respondents filed a motion to compel Defendants to produce two categories of documents in response to Respondents' document requests in the *Sweet* case. *Sweet* ECF No. 176.

On February 8, 2021, Movants filed a motion to quash Respondents' Rule 45 subpoena with this Court. ECF No. 1 (initiating S.D. Fla. Case No. 2:21-mc-14073). The next day, Respondents filed a notice with the *Sweet* court attaching the motion to quash, stating their intention to move to transfer that motion to the *Sweet* court, and requesting that the *Sweet* court set a hearing date that would allow it to hear the motion to quash at the same time as Respondents' motion to compel. *Sweet* ECF No. 180 at 2. A day later, the *Sweet* court set a hearing on Respondents' motion to compel for February 24 without addressing Respondents' request. *Sweet*

ECF No. 181. Defendants in *Sweet* filed their opposition to that motion today, February 19, 2021. *Sweet* ECF No. 183.

On February 11, Respondents filed their expedited motion to transfer the Movants' motion to quash to the Northern District of California, seeking a ruling by February 23. ECF No. 12. On February 17, this Court ordered a response to the motion to transfer by February 19.

## ARGUMENT

**I.     THIS COURT IS THE PROPER VENUE FOR ADJUDICATING THE MOTION TO QUASH**

To obtain discovery from someone who is not a party to a lawsuit, Federal Rule of Civil Procedure 45 requires the use of a subpoena. A Rule 45 subpoena may command a nonparty to attend a deposition, but only within "100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). If the nonparty challenges the subpoena, that challenge must be litigated in the "court for the district where compliance is required." *Id.* 45(d)(3)(A). These two rules work together "[t]o protect local nonparties," by ensuring "local resolutions of disputes about subpoenas[.]" *Id.* 45(f), Advisory Committee Note (2013 Amendment). Courts from this District to the Northern District of California have recognized that the Advisory Committee on the Federal Rules intended that "local nonparties should be burdened as little as practicable by litigation in which they are not involved, and local resolution of the motion will typically impose a lighter burden." *Personalized Media Commc'ns, LLC v. Top Victory Elecs. (Taiwan) Co.*, No. 16-MC-80122-SK, 2016 WL 8542561, at *2 (N.D. Cal. Aug. 3, 2016); *see also Inter-Am. Dev. Bank v. Venti S.A.*, No. 16-MC-21016, 2016 WL 5786982, at *2 (S.D. Fla. Oct. 4, 2016) ("[T]he prime concern [under Rule 45(f)] should be avoiding burdens on local nonparties subject to subpoenas[.]").

Rule 45's primary concern with ensuring the local resolution of subpoena disputes is especially important where the subpoenaed nonparty is a former Presidential Cabinet official. Under the Apex Doctrine, "a district court should rarely, if ever, compel the attendance of a high-ranking official in a judicial proceeding[.]" *In re United States (Jackson)*, 624 F.3d 1368, 1376 (11th Cir. 2010). This is, in part, because such officials "are vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts." *Gray v. Kohl*, No. 07-10024-CIV, 2008 WL 1803643, at *1 (S.D. Fla. Apr. 21, 2008) (citation omitted). Indeed, all federal agencies face an onslaught of litigation related to their policies and actions, which, as this case illustrates, does not cease when any particular agency head departs the government. Requiring resolution of such issues in far-flung, nonlocal courts across the country would undermine the purpose of the Apex Doctrine.

Here, this District is the proper place for resolution of the parties' dispute over Respondents' subpoena to a former Cabinet official. Respondents do not dispute that the former Secretary resides part time within 100 miles of the subpoena's place of compliance, Vero Beach, Florida, which lies within this District. There is also no dispute that the Apex Doctrine—and its concern about imposing the burdens of discovery on current and former agency heads—governs this case.

## II. RESPONDENTS HAVE NOT DEMONSTRATED THAT TRANSFER UNDER RULE 45(f) IS WARRANTED

Respondents also agree that the rule that subpoena-related disputes must be litigated in the district designated for compliance yields only if the "court finds exceptional circumstances" or the nonparty consents, which is not the case here. Fed. R. Civ. P. 45(f). Respondents have the burden to establish that "exceptional circumstances" exist. Fed. R. Civ. P. 45(f), Advisory Committee Note (2013 Amendment). Consistent with Rule 45's general preference for local resolution of

6

subpoena disputes, Rule 45(f)'s "exceptional circumstances standard was selected to ensure that transfer was a rare event."  *See* 9A Charles Alan Wright, et al., Federal Practice and Procedure § 2451 (3d ed. April 2016 Update); *see also* 9 James Wm. Moore, et al., Moore Federal Practice § 45.50[4] (3d ed.) ("With Rule 45(f) requiring 'exceptional circumstances' for a court-ordered transfer, transfer of a subpoena-related motion is likely to continue to be unusual.").

Respondents' obligation to demonstrate "exceptional circumstances" cannot be satisfied by their incorrect assertion, *see* Mot. to Transfer at 14-17, that transfer would not burden the former Secretary: the test is not a "strict balancing test" in which "the circumstances favoring transfer are simply to be weighed against the interests of the nonparty in obtaining local resolution." *Woods ex rel. United States v. SouthernCare, Inc.*, 303 F.R.D. 405, 407 (N.D. Ala. 2014).  Rather, "exceptional circumstances must first be found before any balancing takes place." *Id.*; *accord Google, Inc. v. Digital Citizens All.,* MISC.A. No. 15-707 JEB/DAR, 2015 WL 4930979, at *4 (D.D.C. July 31, 2015) ("Once exceptional circumstances are found, transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." (citation omitted)).

### A. Respondents Have Not Demonstrated Exceptional Circumstances

The Advisory Committee Notes to Rule 45(f) point to only one reason that qualifies as an exceptional circumstance: "'disrupting the issuing court's management of the underlying litigation,'" which can occur only if the issuing court "'has already ruled on the issues presented by the motion,'" or when "'the same issues are likely to arise in discovery in many districts.'" *Woods*, 303 F.R.D. at 408 (quoting Fed. R. Civ. P. 45(f), Advisory Committee Note (2013 Amendment)); *see, e.g.*, *Personalized Media Commc'ns*, 2016 WL 8542561, at *1 (applying the advisory committee's disruption standard to deny transfer, while rejecting consideration of judicial

7

economy); *Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.*, MISC.A. No. 13-238, 2014 WL 272088, at *3 (E.D. Pa. Jan. 24, 2014) (same). Neither this circumstance—nor any other that could qualify as exceptional—is present in this case.

### 1. Respondents Have Not Shown a Disruption to the *Sweet* Proceedings

Respondents first contend that litigating the motion to quash separately from the *Sweet* case "raises a significant risk of disrupting" the proceedings in that case. Mot. to Transfer at 9. They have not, however, shown disruption to the *Sweet* proceedings, only that the motion to quash is "intertwined" with that case, pointing to the pages in the motion to quash discussing *Sweet*'s procedural history and discovery, and the fact that the *Sweet* court is managing discovery in that case. *Id.* at 9-11. That is not the same as showing that the motion to quash will disrupt the *Sweet* court's management of the case because, for example, that court has already ruled on the issues presented in the motion to quash. *See, e.g.*, *Personalized Media Comm'cns*, 2016 WL 8542561, at *2 (denying transfer because movant could not "cite[] to any previously court-determined discovery decision or issue with which th[e] Court [was] at risk of conflicting"); *Inter-Am. Dev. Bank*, 2016 WL 5786982, at *2 (same); *Gilbert v. Rare Moon Media, LLC*, No. 15–MC– 217– CM, 2016 WL 141635, at *2 (D. Kan. Jan. 12, 2016) (same); *Lima LS PLC v. Nassau Reinsurance Grp. Holdings, L.P.*, 15 MISC. 359, 2015 WL 9450645, at *4 (S.D.N.Y. Dec. 18, 2015) (same); *Garden City*, 2014 WL 272088, at *3 (same).

Respondents concede that the *Sweet* court has not ruled on the validity of the subpoena to depose the former Secretary. Mot. to Transfer at 11. It is undisputed that the *Sweet* court has not ruled on the Apex Doctrine at issue in the motion to quash and that that issue is not pending before the *Sweet* court. Respondents argue that "Judge Alsup has already had this very issue before him," but even by Respondents' own account, all the *Sweet* court has done is acknowledge that

8

Respondents might seek to depose the former Secretary, cited the Apex Doctrine standard, and then *avoided* ruling on Respondents' request to depose the former Secretary. *See supra* pp. 3-5. When Respondents sought such a ruling from the *Sweet* court, that court responded with a short order directing that since the former Secretary was no longer a party in *Sweet*, Respondents "must subpoena Ms. DeVos," consistent with Rule 45. Mot. to Transfer, Ex. 3 at 1, ECF No. 12-3 (*Sweet* ECF No. 172). The *Sweet* court again declined to postpone its February 24 hearing on Respondents' motion to compel the production of documents based on their assumption that this Court will transfer the motion to quash to the *Sweet* court.[3] *See supra* pp. 4-5 (citing *Sweet* ECF No. 181).

Litigating the motion to quash separately from the *Sweet* case will also not disrupt the proceedings on Respondents' motion to compel the production of documents. That motion, which is set for a hearing on February 24, seeks to compel the production of additional documents from the Department and challenges the Department's privilege assertions over one document. *See Sweet* ECF No. 176. The issues are primarily practical and factual, requiring an assessment of the burdens imposed by Respondents' document requests and, ultimately, whether the additional discovery they seek is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The motion to compel does not mention the former Secretary's deposition, *see Sweet* ECF No. 176, nor

---

[3]  Respondents' assertion that the motion to quash was filed in an attempt to forum-shop after Respondents sought permission from the *Sweet* court to depose the former Secretary is incorrect. *See* Mot. to Transfer at 12. Rather than forum-shop, Movants were complying with Rule 45. Under Rule 45(c)(1)(A), Respondents' subpoena could only command the former Secretary's attendance at a deposition within 100 miles of her residence or place of employment or regular business. Respondents agreed to issue a subpoena commanding the former Secretary to appear for a deposition within 100 miles of her part-time residence in Vero Beach, Florida. *See supra* p. 4. Under Rule 45(d)(3)(A), Respondents' subpoena thus required Movants to file their motion to quash that subpoena in this Court, which is "the court for the district where compliance is required."

does the Department's opposition to that motion, *see Sweet* ECF No. 183.  In short, the motion to compel has nothing to do with whether Respondents have met the test of the Apex Doctrine for deposing a former Cabinet official.

> **2.   This Court is Capable of Deciding the Discrete Apex Doctrine Issue Presented in the Motion to Quash**

Without having shown that litigating the motion to quash separately will disrupt the *Sweet* proceedings, Respondents devote the bulk of their motion to arguing that transfer is appropriate because the *Sweet* court is more familiar with its discovery order and the underlying case.  Far from being an "exceptional" circumstance, familiarity with the underlying action is a circumstance that exists in *every* case where discovery is sought from a nonparty in a different jurisdiction.  The Rule 45(f) Advisory Committee warned that "it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." *See* Fed. R. Civ. P. 45(f), Advisory Committee Note (2013 Amendment).  Following that guidance, this District has rejected the notion that any efficiencies that might result from familiarity justify Rule 45(f) transfer, observing that, "[i]f judicial efficiency is the primary concern, transfer would almost always be appropriate in order to avoid multiple rulings on the same issues.  The Committee notes, however, do not cite judicial efficiency as a basis for transfer." *Inter-Am. Dev. Bank*, 2016 WL 5786982, at *8 (citation omitted).

Many courts in other jurisdictions—including the Northern District of California—have also rejected Respondents' argument that the issuing court's familiarity with the underlying action, alone, is sufficient to establish exceptional circumstances warranting transfer.  *See, e.g.*, *Personalized Media Commc'ns*, 2016 WL 8542561, at *2 ("As to the issue of judicial economy, such a risk would be inherent in any motion to compel determined by an issuing court. Yet, the Advisory Committee clearly states that the primary consideration is burden on the local

10

nonparty."); *Woods*, 303 F.R.D. at 408-09 (observing that "[m]ost nonparty subpoenas will raise issues that are related to the underlying litigation" and yet Rule 45(f)'s committee notes "do not cite judicial efficiency as a basis for transfer"); *Isola USA Corp. v. Taiwan Union Tech. Corp.*, No. 15-MC- 94003, 2015 WL 5934760, at *3 (D. Mass. Jun. 18, 2015) ("[T]here is no question that [the issuing court] is more familiar with the procedural and substantive aspects of the underlying patent litigation[,] [h]owever, that cannot be what Congress meant when it required a finding of exceptional circumstances . . . ."); *CMB Expert, LLC v. Atteberry*, No. 3:14–mc–51–B–BN, 2014 WL 2197840, at *2 (N.D. Tex. May 27, 2014) ("[T]he fact that the issuing court undeniably had greater familiarity with the underlying action d[oes] not constitute an exceptional circumstance"); *Garden City*, 2014 WL 272088, at *3 (denying transfer even though the issuing court "undeniably has greater familiarity with the Underlying Action and plaintiffs' theory of liability").

Respondents' more specific argument—that the *Sweet* court is better positioned to assess whether Respondents have satisfied the Apex Doctrine —has also been rejected by courts. In *FDIC v. Galan-Alvarez*, for example, the U.S. District Court for the District of Columbia declined to transfer a motion to quash the deposition testimony of current and former high-ranking officials back to the district court presiding over the underlying case. Case No.1:15-mv-c-752, 2015 WL 5602342, at *3 (D.D.C. Sept. 4, 2015). In so doing, the *Galan-Alvarez* court expressly rejected the same argument that Respondents raise—that the complexity of the issues and procedural history of the underlying case render the underlying court better-situated to rule on the Apex Doctrine. The court explained:

> Ruling on the motion to quash requires this Court to determine whether a legal doctrine protects high-ranking current and former government officials from testifying. It does not necessitate wading into the merits or intricacies of the [plaintiff's] allegations of negligence by the bank's directors and officers, complex though they may be. And given that the motion presents a legal question separate

11

>from the underlying litigation's merits, the issuing Court, which has not ruled on the issues presented in the motion, is in no better position than this one to decide it.

*Id.*

Nor is there any basis for Respondents' suggestion that this Court could not determine whether Respondents "failed to use other, less intrusive means to obtain the information they seek," Mot. to Transfer at 10, as the Apex Doctrine requires before allowing the deposition of a Cabinet secretary. The *Galan-Alvarez* court had no trouble assessing alternate sources of testimony when conducting the apex analysis. *See* 2015 WL 5602342, at *4-5 (evaluating whether the subpoenaed officials' depositions were necessary in light of the fact that four other officials were offered to testify); *see also Hood v. City of Chicago*, 1:19-mc-00123 (APM), 2019 WL 5295169, at *3-5 (D.D.C. Oct. 18, 2019) (declining to transfer motions to quash that required the court to determine whether the party issuing the subpoenas had "met [its] burden of showing that [it] exhausted every reasonable alternative source of information" (citation omitted)).

Transfer is also not precluded simply because this Court needs to assess whether the former Secretary has knowledge that is unique and essential to the *Sweet* case. *See* Mot. to Transfer at 10. Again, in *Galan-Alvarez*, the district court denied transfer and granted a motion to quash the deposition of a former high-level official in part because "Defendants ha[d] not shown that [either official] has unique knowledge relevant to the underlying litigation." 2015 WL 5602342, at *1; *see also Cadence Pharm., Inc. v. Multisorb Techs., Inc.*, No. 16-MC-22G, 2016 WL 4267567, at *6 (W.D.N.Y. Aug. 15, 2016) (noting that "determination of relevance in discovery generally is not exceptional; such decisions occur with almost every motion to compel").

Accordingly, Respondents have not shown any exceptional circumstances justifying transfer.

### B. Even if Exceptional Circumstances Exist, Transfer Is Inappropriate Because the Interest in Local Resolution Outweighs Any Interest in Transfer

Even if Respondents had demonstrated exceptional circumstances, which they have not, "[t]ransfer is appropriate only if such interests *outweigh* the interest of the nonparty served with the subpoena in obtaining local resolution of the motion." *See* Fed. R. Civ. P. 45(f), Advisory Committee Note (2013 Amendment) (emphasis added). If the motion to quash were transferred from this District to the Northern District of California, a former Cabinet official could be required to travel 3,000 miles to assert the applicability of the Apex Doctrine. A transfer would thus set a precedent exposing former Cabinet officials to the burden of potentially being required to defend against discovery requests (and possibly obtain local counsel) in the numerous districts across the country where other lawsuits remain pending against their former agencies. Transfer would therefore undermine one of the core reasons for the establishment of the Apex Doctrine in the first place: that high ranking officials "are vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts." *Gray*, 2008 WL 1803643, at *1 (citation omitted).

The use of remote technology to conduct the deposition does not change the calculus. *See* Mot. to Transfer at 14-17. Indeed, the ability to conduct hearings and depositions by remote technology is not new; it long predates both the COVID-19 pandemic and Rule 45(f) itself, which was enacted only in 2013. *See, e.g.*, Fed. R. Civ. P. 30(b)(4) (authorizing depositions by remote means). Nevertheless, Rule 45(f) and its strong preference for the local resolution of subpoena disputes was enacted just eight years ago, and without any exception for the use of remote technology. And of course, any such technology exception would completely swallow the rule.

The current widespread use of remote technology during the COVID-19 pandemic provides no guarantee that former high-level officials would not be required to physically appear

13

in far-away Districts to challenge a subpoena (or for any subsequent proceedings). Even now, courts do not universally require remote hearings. *See, e.g.*, General Order No. 72-6: In re: Coronavirus Disease Public Health Emergency, at 1 (N.D. Cal. Sept. 16, 2020) (stating that in criminal cases, "limited number of in-court proceedings are permitted");[4] In re: Coronavirus Public Emergency, Sixth Order Concerning Jury Trials and Other Proceedings, Administrative Order 2020-53, ¶ 12 (S.D. Fla., filed Aug. 11, 2020) ("strongly encourag[ing]" remote hearings "where practicable").[5] And the conditions of the pandemic of course remain unpredictable and fluid.

Moreover, to the extent the availability of remote technology may lessen the former Secretary's burden of challenging the subpoena in California, the same is true of Respondents' burden of defending the subpoena in Florida. Indeed, Respondents' counsel, who are based in Massachusetts, have been granted *pro hac vice* admission to this District, ECF No. 14-15, obtained local counsel, *see* ECF No. 11, have filed a motion to transfer, ECF No. 12, and have not claimed they will suffer any additional burden in defending the subpoena for which they noticed compliance in this District. All things being otherwise equal, Rule 45 favors protecting the subpoenaed nonparty, particularly when that party is a former Cabinet official.

Finally, the burden on the former Secretary is not lessened by Respondents' reference to the fact that "Ms. DeVos herself was, of course, the Defendant in this litigation" until she left the Department, Mot. to Transfer at 15. The *Sweet* complaint names the Department of Education and the former Secretary in her *official*, not personal, capacity, which is an action against the

---

[4]     *See* https://www.cand.uscourts.gov/wp-content/uploads/generalorders GO_72-6_In_Re_COVID_Public_Health_Emergency_9-16-2020.pdf.

[5]     *See* https://web.flsd.uscourts.gov/uploads/adminOrders/2020/2020-53.pdf.

office itself and "generally represent[s] only another way of pleading an action against an entity[.]" *Barroca v. Hurwitz*, 342 F. Supp. 3d 178, 189 (D.D.C. 2018) (citation omitted).

## CONCLUSION

For the foregoing reasons, Respondents' motion to transfer should be denied.[6]

Dated: February 19, 2021

Respectfully submitted,

SARAH E. HARRINGTON
Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

/s/ *Kevin P. Hancock*
R. CHARLIE MERRITT
KEVIN P. HANCOCK (Special Bar No. A5502375)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC  20530
Telephone: (202) 514-3183
Email: kevin.p.hancock@usdoj.gov

*Attorneys for Movants*

---

[6] In the event the Court determines that transfer would be appropriate, Movants respectfully request that any transfer not be executed until after Movants have had an opportunity to determine whether to seek appeal to the District Court pursuant to S.D. Fla. Local Magistrate Judge Rule 4(a)(1) within the 14 days allotted by that Local Rule.